UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE PARAGON MARKETING GROUP, L.L.C.,
a Michigan limited liability company,

        Plaintiff,

                                         Hon. John Corbett O'Meara

v.

                                         Case No. 03-70202

NADAIR, a/k/a NADAIR LIGHTING, a Canadian
company, and BOB DESJARDINS, an
individual,

        Defendants.

_____/

**ORDER GRANTING DEFENDANT NADAIR'S
MOTION TO SET ASIDE DEFAULT JUDGMENT**

      Before the court is Defendant Nadair's September 14, 2005 motion to set aside default judgment. This matter has been fully briefed and the court heard oral argument on October 13, 2005. For the reasons set forth below, the court grants Defendant's motion.

**BACKGROUND FACTS**

      Plaintiff filed this suit on January 16, 2003. The summons was returned executed by a process server on January 28, 2003. The process server claimed to have personally served the defendants, Bob Desjardins and Nadair, at the same address. The defendants failed to answer and a default judgment was entered on June 19, 2003.

      On April 6, 2004, Defendant Desjardins filed a motion to set aside the default judgment against him on the basis that he was never served with process. The court granted Desjardins' motion to set aside the default judgment on August 10, 2004, finding that he "was not properly served with process and did not have actual notice of this action while it was pending." Order at

1. Subsequently, Desjardins was dismissed from this action by stipulation.

Now, over a year later, Defendant Nadair also seeks to have the default judgment against it set aside on the basis that it was not properly served. Plaintiff asserts that Nadair was properly served through its agent, Bob Desjardins, whom Plaintiff alleges was Nadair's vice president. Desjardins denies that he was an officer of Nadair, although there is some evidence to the contrary. There is no evidence in the record, however, that Desjardins was vice president of Nadair at the time that this lawsuit commenced. In fact, Nadair had allegedly dissolved by that point.[1]

The court has already found that Desjardins was not properly served. Because Plaintiff alleges that Nadair was served through Desjardins, it follows that Nadair was also not properly served. Even if Desjardins was somehow an agent of Nadair, the court has determined that Desjardins did not receive notice of this action while it was pending.

## LAW AND ANALYSIS

Because Nadair was not properly served with process, the court does not have personal jurisdiction over it. See Bank One of Cleveland v. Abbe, 916 F.2d 1067, 1081 (6th Cir. 1990) ("[B]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Further, "[i]t is elemental that a judgment rendered by a court lacking personal jurisdiction over the defendant is void as to that defendant." Id.

---

[1] Nadair sold its trade name to another company, Asia Lighting, and ceased operations in 2002. Nadair claims that it did not have incentive to set aside the default earlier because it had dissolved. Apparently "Nadair" is now contesting this suit because Plaintiff is attempting to collect on its judgment against Asia Lighting, which is using the Nadair name.

Accordingly, the default judgment against Nadair is void and the court must set it aside. See, e.g., O.J. Dist., Inc. v. Hornell Brewing Co., 340 F.3d. 345, 354-55 (6th Cir. 2003); Antoine v. Atlas Turner, Inc., 66 F.3d 105, 108 (7th Cir. 1995) ("If the underlying judgment is void, it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4).").

Therefore, IT IS HEREBY ORDERED that Defendant Nadair's September 14, 2005 Motion to Set Aside Default Judgment is GRANTED.

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated:  October 19, 2005