UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE PARAGON MARKETING GROUP,
L.L.C., a Michigan limited liability company,

       Plaintiff,

                                          Case No. 03-70202

v.

                                          Hon. John Corbett O'Meara

NADAIR, a/k/a NADAIR LIGHTING, a
Canadian company,

       Defendant.
_____/

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the court is Defendant's motion for summary judgment, filed September 29, 2006. The motion is fully briefed. The court heard oral argument on November 9, 2006, and took the matter under advisement. For the reasons stated below, Defendant's motion is denied.

## BACKGROUND FACTS

Plaintiff, Paragon Marketing Group, L.L.C., is a sales representative company. Defendant Nadair is a Canadian company that manufactures light fixtures. Plaintiff contends that, based upon a verbal agreement, it sold Nadair's products and otherwise serviced Nadair's account at Home Depot stores, in exchange for a 3% commission. According to Plaintiff, Nadair failed to pay its commissions for several months. Plaintiff is suing Nadair to recover those commissions, on a breach of contract theory and under the Michigan Sales Representatives' Commissions Act, M.C.L. § 600.2961.

Nadair claims that it never had a contract with Plaintiff. Rather, Nadair contends that it contracted with an entity known as Pacific Coast Sales ("PCS") to service its accounts in the

United States and that PCS contracted with Plaintiff.  According to Nadair, it paid PCS in full for commissions on the Home Depot account; however, PCS failed to pay Paragon.

## LAW AND ANALYSIS

Nadair seeks summary judgment on Plaintiff's claims, primarily on the basis that Plaintiff had a contract with PCS, not Nadair.  Nadair also contends that Plaintiff was not a "sales representative" within the meaning of the Michigan Sales Representatives' Commission Act, but merely provided "service" to the Home Depot account, *i.e.*, maintaining store displays.

Plaintiff asserts that it was under the impression that it was contracting with Nadair and was not aware at first of an entity called PCS.  According to Plaintiff, Candice Kaiser initially contacted Brad Marthens of Paragon to offer him the opportunity to represent Nadair at Home Depot.  Nadair contends that Candice Kaiser was not its agent, but that she worked for PCS.

Kaiser represented herself, however, as Nadair's National Accounts Manager and provided Paragon with a business card indicating that.  See Pl.'s Ex. D.  Further, Bob Desjardins, who stated he was Vice President of Nadair, told Paragon that Kaiser was Nadair's National Sales Manager.  See Pl.'s Ex. C at 61-62 (Dep. of Brad Marthens).  Nadair's service manual for the Home Depot account, containing its product information and order forms, also lists Kaiser and Desjardins as representatives in Nadair's offices in California and Toronto, respectively.  See Pl.'s Ex. F.  Nadair's president, Marc Lupien, testified that Nadair produced the catalog.  See Pl.'s Ex. B. at 79.

For its part, Nadair asserts that Paragon received all of its commission checks on the Home Depot account from PCS, not Nadair.  Once the commission checks stopped, Plaintiff contacted Bob Desjardins.  Desjardins claimed that the commissions were paid to Kaiser and

Pacific Coast Sales, and that they were supposed to pay Paragon. According to Paragon, Kaiser and PCS claimed that they never received the commissions from Nadair and that Paragon needed to contact Nadair.

Eventually, in June 2001, Desjardins agreed to pay Paragon directly. See Pl.'s Ex. L. Desjardins sent Paragon a fax on Nadair letterhead confirming this agreement. Desjardins stated in the letter that "I will inform by the end of the week Jeff Jameson of Pacific Cast [sic] Sales that you no longer wish to work with him. . . . In regards to payment of commission for servicing, this will be paid to directly from head office around the 15th of each month. . . ." Id. Subsequently, however, Nadair did not pay Paragon the commissions it claims were due.

Paragon sent Desjardins letters on August 1 and 29, 2001, indicating that it had still not been paid for commissions from January to June 2001. Paragon contends that it did not receive a response to its letters.

Paragon argues that based upon the doctrine of apparent authority, it did have an agreement with Nadair. According to Paragon, Candice Kaiser had at least the apparent authority to bind Nadair. "Apparent authority may arise when acts and appearances lead a third person to believe that an agency relationship exists. Apparent authority must be traceable to the principal and cannot be established by the acts and conduct of the agent." Meretta v. Peach, 195 Mich. App. 695, 698 (1992).

Paragon believed that Kaiser was Nadair's agent based upon Kaiser's business card, the service manual, and Desjardins's statement that she was Nadair's national sales manager. Nadair claims that it never consented to or reviewed the business cards or the service manual. However, Nadair provides no deposition testimony or other evidence in support of this

proposition. Further, Nadair's president, Marc Lupien, testified that Nadair produced the service manual. In addition, Nadair does not appear to dispute that Desjardins was its agent. Given these actions by Nadair, it was reasonable for Paragon to believe that Kaiser was Nadair's agent and that, given her position as national sales manager, she had the authority to contract on behalf of Nadair. At minimum, there is a question of fact regarding whether Kaiser had the apparent authority to bind Nadair. See Meretta, 195 Mich. App. at 697 ("Where there is a disputed question of agency, any testimony, either direct or inferential, tending to establish agency creates a question of fact for the jury to determine."). Accordingly, the court denies summary judgment with respect to Paragon's breach of contract claim.

The court also denies summary judgment with respect to the Michigan Sales Representatives' Commissions Act claim. Although Nadair claims that Paragon was only involved in "servicing" rather than selling to the Home Depot account, Brad Marthens of Paragon testified that he solicited and wrote orders for Nadair products. See Pl.'s Ex. O (Affidavit of Marthens). Therefore, there is at least an issue of fact regarding Paragon's role.

## ORDER

IT IS HEREBY ORDERED that Defendant's September 29, 2006 motion for summary judgment is DENIED.


                                                   s/John Corbett O'Meara
                                                   United States District Judge

Dated: November 30, 2006

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 30, 2006, by electronic and/or ordinary mail.

                                                  s/William Barkholz  
                                                  Case Manager