UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE PARAGON MARKETING
GROUP, L.L.C.,

      Plaintiff,

v.

NADAIR, a/k/a NADAIR LIGHTING,
a Canadian company, and
BOB DESJARDINS, an individual,
_____/

Case No. 03-70202

Hon. John Corbett O'Meara

**OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR ATTORNEY FEES**

    Before the court is Plaintiff's motion for attorney fees and costs, filed June 19, 2007. Defendant Nadair submitted a response on July 3, 2007. Plaintiff filed a reply brief on July 13, 2007. Pursuant to LR 7.1(e)(2), the court will decide this matter on the briefs.

    Plaintiff prevailed at trial on a claim for past due sales commissions under the Michigan Sales Representative Commission Act, M.C.L. 600.2961. The jury awarded Plaintiff $18,455.18, which the court trebled pursuant to M.C.L. 600.2961(5). The court entered a judgment in favor of Plaintiff in the amount of $55,365.54.

    Plaintiff now seeks attorney fees pursuant to M.C.L. 600.2961(6), which provides that "the court shall award to the prevailing party reasonable attorney fees and court costs." Id. Plaintiff requests attorney fees and costs in the amount of $66,928.17. Defendant does not dispute that Plaintiff is the prevailing party here; however, Defendant challenges Plaintiff's requested fees as unreasonable.

    Under Michigan law, "there is no precise formula for computing the reasonableness of an

attorney's fee." Wood v. DAIIE, 413 Mich. 573, 588, 321 N.W.2d 653 (1982).  In determining a reasonable fee, however, Michigan courts consider the following factors:

> (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.

Id. (quoting Crawley v. Schick, 48 Mich. App. 728, 211 N.W.2d 217 (1973)).  See also Borgess Medical Ctr. v. Resto, 273 Mich. App. 558, 730 N.W.2d 738 (2007) (citing Wood).  The court is not limited to the above factors in making its determination; further, "the trial court need not detail its findings as to each specific factor considered." Wood, 413 Mich. at 588.  "The award will be upheld unless it appears upon appellate review that the trial court's finding on the 'reasonableness' issue was an abuse of discretion." Id.

Plaintiff has submitted affidavits and a summary of time records indicating that attorneys Zachary Mack and Thomas Warnicke spent 246.3 hours and 49.5 hours on this case, respectively.  Mr. Mack requests a rate of $175 per hour and has been practicing for almost five years.  Mr. Warnicke requests a rate of $350 per hour and has been practicing for fourteen years.  Both Mr. Mack and Mr. Warnicke specialize in the area of contract disputes involving sales commissions.

The court has reviewed the summary of time records submitted by Plaintiff and finds that the hours devoted to this case by Mr. Mack are reasonable.  This case has been pending for almost four years and has involved a number of pretrial and in limine motions as well as a four-day trial.  The parties traveled to Montreal, Canada, for the depositions of Marc Lupien and Jean Lupien.  Further, the issues in this case, involving apparent authority, were somewhat more

complex than the average sales commissions case, in the court's experience.

The majority of the hours claimed by Mr. Warnicke, however, were for attendance at the pretrial conference and at trial (47.5 hours). Mr. Mack also attended the pretrial conference and was lead counsel at trial. Mr. Warnicke observed the trial, but did not examine witnesses or give the opening or closing statements. Although Mr. Warnicke may have provided assistance to Mr. Mack at trial, on balance the court finds that Mr. Warnicke's presence at trial was a duplication of effort. The court finds the remaining two hours requested by Mr. Warnicke, for attendance at a motion hearing, to be reasonable.

Plaintiff notes that the time record summary provided does not include hours spent on the case prior to obtaining a default judgment against Bob Desjardins on June 19, 2003. In the motion for default judgment, Plaintiff requested fees in the amount of $3,150. Although the default was ultimately set aside, the court finds that Plaintiff's fees up to that point were properly supported in the motion and were reasonable.

The court also concludes that the hourly rates requested by Plaintiff's attorneys are reasonable, given their area of expertise, location of their practice, and the average rates commanded by attorneys in the area. The court will award attorney fees for Mr. Mack's work in the amount of $43,102.50 (246.3 hours x $175 per hour) and for Mr. Warnicke's work in the amount of $700 (2 hours x $350 per hour), in addition to the fees set forth in the motion for default ($3,150), for a total of $46,952.50. Plaintiff is also entitled to costs in the amount of $3,350.67, for a total of award of attorney fees and costs in the amount of $50,303.17.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for attorney fees and costs is GRANTED, consistent with this opinion and order.

s/John Corbett O'Meara  
United States District Judge

Dated: August 20, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 20, 2007, by electronic and/or ordinary mail.

s/William Barkholz  
Case Manager